Nathan R. Ring
Nevada State Bar No. 12078
STRANCH, JENNINGS & GARVEY, PLLC
3100 W. Charleston Boulevard, Suite 208
Las Vegas, NV 89102
Telephone: (725) 235-9750
lasvegas@stranchlaw.com

A. Brooke Murphy
(*pro hac vice* application forthcoming)
MURPHY LAW FIRM
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
T: (405) 389-4989
E: abm@murphylegalfirm.com

*Attorneys for Plaintiff Jeremiah Archambault and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMIAH ARCHAMBAULT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>V.<br><br>RIVERSIDE RESORT & CASINO INC. AND RIVERSIDE RESORT & CASINO, LLC,<br><br>DEFENDANTS. | Case No.: 2:24-cv-01691-GMN-DJA |
| MICHAEL J. MONTOYA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>V.<br><br>RIVERSIDE RESORT & CASINO LLC, | Case No.: 2:24-cv-01692 |

| | | |
|---|---|---|
| 1 | DEFENDANT. | |
| 2 | | |
| 3 | FLOYD M. PATTEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 2:24-cv-01695 |
| 4 | | |
| 5 | PLAINTIFF, | |
| 6 | V. | |
| 7 | | |
| 8 | RIVERSIDE RESORT & CASINO INC., | |
| 9 | DEFENDANT. | |
| 10 | ROBERT DAPELLO AND JONATHAN FARNAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 2:24-cv-01732 |
| 11 | | |
| 12 | PLAINTIFFS, | |
| 13 | | |
| 14 | V. | |
| 15 | RIVERSIDE RESORT & CASINO INC. AND RIVERSIDE RESORT & CASINO, LLC, | |
| 16 | | |
| 17 | DEFENDANTS. | |
| 18 | GARY LESTER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 2:24-cv-01760 |
| 19 | | |
| 20 | PLAINTIFFS, | |
| 21 | | |
| 22 | V. | |
| 23 | DON LAUGHLIN'S RIVERSIDE RESORT HOTEL & CASINO D/B/A RIVERSIDE RESORT & CASINO, | |
| 24 | | |
| 25 | DEFENDANTS. | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| DARLENE MARTIN AND DAVID WILLEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>RIVERSIDE RESORT & CASINO INC. AND RIVERSIDE RESORT & CASINO, LLC,<br><br>DEFENDANTS. | Case No.: 2:24-cv-01767 |

### [PROPOSED] ORDER GRANTING CONSOLIDATION UNDER FED. R. CIV. P. 42(A)(2) AND APPOINTMENT OF INTERIM CLASS COUNSEL UNDER FED. R. CIV. P. 23(G)

WHEREAS, Plaintiffs Jeremiah Archambault, Michael J. Montoya, Floyd M. Patten, Robert Dapello, Jonathan Farnam, Gary Lester, Darlene Martin, and David Willey in six related cases pending before this Court, *Archambault v. Riverside Resort & Casino, Inc. and Riverside Resort & Casino, LLC*, Case No. 2:24-cv-1691 (D. Nev.) (hereafter the "*Archambault* Action"), *Montoya v. Riverside Resort & Casino, Inc.*, Case No. 2:24-cv-1692 (D. Nev.) (hereafter the "*Montoya* Action"), *Patten v. Riverside Resort & Casino, Inc.*, Case No. 2:24-cv-1695 (D. Nev.) (hereafter the "*Patten* Action"), *Dapello v. Riverside Resort & Casino, Inc. and Riverside Resort & Casino, LLC*, Case No. 2:24-cv-01732 (D. Nev.) (hereafter the "*Dapello* Action"), *Lester v. Don Laughlin's Riverside Resort & Casino*, Case No. 2:24-cv-01760 (D. Nev.) (hereafter the "*Lester* Action"), and *Martin v. Riverside Resort & Casino, Inc. and Riverside Resort & Casino, LLC*, Case No. 2:24-cv-01767 (D. Nev.) (hereafter the "*Martin* Action")  (together the "Related Actions") agree, that these actions, as well as any subsequently filed or transferred related actions, for all purposes, including pretrial proceedings and trial, should be consolidated pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); and

WHEREAS, the complaints in the Related Actions relate to the same, common factual allegations and legal theories; the Related Actions assert multiple common causes of action against the common Defendant relating to the same factual underpinnings, and seek the same relief in response to the same event; and the Related Actions commonly seek certification of an overlapping nationwide class and allege that class members suffered harm as a result of the Data Breach because their PII was exposed to third parties without their authorization.

NOW, THEREFORE, GOOD CAUSE APPEARING, the Court so Orders as follows:

1. The *Archambault, Montoya, Patten, Dapello, Lester, and Martin* Actions currently pending in this District, and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District, shall be consolidated for pre-trial purposes pursuant to Rule 42(a) (hereafter the "Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Case No. 2:24-cv-1691, the number assigned to the first-filed case, and shall bear the following caption: "*In re Riverside Resort Data Breach Litigation.*"

| | |
|---|---|
| IN RE: RIVERSIDE RESORT DATA BREACH LITIGATION<br><br>This Document Relates To: | Master File No.: 2:24-cv-01691 |

3. The case file for the Consolidated Action will be maintained under Master File No.: 2:24-cv-01691. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each, individual action to which the paper is intended to apply and the last name of the first-

named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, e.g., 2:24-cv-01691 ("Archambault").

4. Any action currently pending in, subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action, shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

5. If the Court determines that the case is related, the clerk shall:

    a. Place a copy of this Order in the separate file for such action;

    b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

    c. Direct that this Order be served upon Defendant(s) in the new case; and

    d. Make appropriate entry in the Master Docket.

6. In addition, pursuant to Rule 23(g), the Court appoints Raina C. Borrelli of Strauss Borrelli PLLC and A. Brooke Murphy of Murphy Law Firm to serve as Interim Co-Lead Class Counsel and appoints Nathan R. Ring as Liaison Counsel;

7. Interim Co-Lead Class Counsel shall have authority to speak for Plaintiffs and shall be the contact between Plaintiffs' counsel and Defendant's counsel in all matters regarding pre-trial procedure, trial, and settlement negotiations, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Interim Co-Lead Class Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Interim Co-Lead Class Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of Interim Co-Lead Class Counsel. Defendant's counsel may rely on all

agreements made with Interim Co-Lead Class Counsel, or other duly authorized representative of Interim Co-Lead Class Counsel, and such agreements shall be binding on all plaintiffs

8. Plaintiffs shall file a Consolidated Complaint no later than forty-five (45) days following the entry of an order appointing interim class counsel or other designated counsel.

9. Any response to the Consolidated Complaint shall be due within forty-five (45) days from the filing of the Consolidated Complaint. All prior response deadlines are vacated. Should Defendant intend to file one or more motions to dismiss, the Parties will comply with LR II 7-2 with the following clarifications and/or adjustments:

    a. Any opposition to a motion to dismiss shall be filed and served within forty-five (45) days of the filing of the motion to dismiss; and

    b. Any reply brief shall be filed and served within fourteen (14) days of the opposition.

10. This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in or transferred or removed to this Court relating to the fact and the data breach underlying this litigation.

11. Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently consolidated with the above actions but who have not yet registered for ECF.

**IT IS SO ORDERED:**

Dated: _____      _____

                                                     United States District Judge